UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS V. MAYORGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   4:03CV00834 HEA |
| | ) | |
| THE STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for New Trial, [#30].  In

the body of Plaintiff's motion, he moves in the alternative that this Court set aside its

Judgment of April 29, 2005, wherein summary judgment was entered in favor of

Defendants.  On May 19, 2005, Defendants filed a response in opposition to Plaintiff's

motion, and pursuant to Local Rule 7-4.01 and Rules 5(b) and 6(e) of the Federal Rules

of Civil Procedure, the Court finds Defendants' response to be timely.

Plaintiff first moves this Court to grant a new trial in this case.  Plaintiff,

however,  possesses no grounds on which to make such a motion.  Rule 59(a) of the

Federal Rules of Civil Procedure provides:

> **(a) Grounds.**  A new trial may be granted to all or any of the parties and
> on all or part of the issues (1) in an action in which there *has been a trial
> by jury*, for any of the reasons for which new trails have heretofore been
> granted in actions at law in the courts of the United States; and (2) in an
> action *tried* without a jury, for any of the reasons for which rehearings

have heretofore been granted in suits in equity in the courts of the United States.  On a motion for a new trial in an action *tried* without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

FED. R. CIV. P. 59(a) (emphasis added).

On April 21, 2005, this Court found Defendants to be entitled to summary judgment as a matter of law, and on April 29, 2005, the Court entered Judgment in Defendants' favor.  A trial in this case, however, *never transpired.*  As such, Plaintiff's motion requesting a new trial is improper and the motion will be denied.        In as much as Plaintiff requests in the alternative that this Court set aside its Judgment of April 29, 2005, the request will also be denied.  Rule 59(e) of the Federal Rules of Civil Procedure, which governs motions to alter or amend judgments, provides:

**(e) Motion to Alter or Amend Judgment.**  Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

FED. R. CIV. P. 59(e).

While the Court finds Plaintiff's filing of the motion to be timely, Plaintiff has failed to establish a basis on which the Court's April 29, 2005 Judgment should be set aside.  Defendants, State of Missouri and various State officials, were found to be entitled to sovereign immunity, because Plaintiff sued the State of Missouri and the State officials in their official capacity.  In that regard, the real party at interest is the

State of Missouri, thus, the State and all named Defendants who are sued in their official capacity are shielded by the Eleventh Amendment.

Plaintiff also brought action against the Defendant parole officials. The parole officials are entitled to absolute immunity because they acted within the scope of their official duties in classifying Plaintiff and denying him parole. "[P]arole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity. *Anton v. Getty,* 78 F.3d 393, 396 (8th Cir. 1996) (citing *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983)). The parole officials in this case performed functions comparable to those of judges in making their decisions, thus, they are entitled to absolute immunity.

The remaining Defendants, who were supervisors, department heads, and directors, were being sued for the actions of their servants. It is well settled that respondeat superior cannot form the basis for liability under 42 U.S.C. § 1983. *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997). Plaintiff did not succeed on his § 1983 claim, because he did not demonstrate that the Defendants were personally involved in any constitutional deprivation or had any actual knowledge of the injury. *Wilson v. Cross,* 845 F.2d 163, 165 (8th Cir. 1988). A general responsibility for supervising the operations of a correctional facility is insufficient to establish the personal involvement required to support liability. *Keeper,* 130 F.3d at 1314. In any event, because the

parole officials are entitled to absolute immunity, there could be no liability against the supervisory Defendants for the immune actions of the parole officials.

Therefore, because Defendants were found to be entitled to sovereign immunity, absolute immunity, and/or qualified immunity, they were entitled to summary judgment as a matter of law.  There exists no basis on which to set aside the Order of April 29, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial, [#30], is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in the Alternative to Set Aside this Court's April 29, 2005 Judgment, [#30], is denied.

Dated this 27th day of July, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE